United States District Court
Southern District of Texas
**ENTERED**
August 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISSAM HUSSEIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-22-4466 |
| § | |
| NATIONAL CREDIT SYSTEMS, § | |
| INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Issam Hussein ("Plaintiff" or "Hussein"), filed this action against Defendant, National Credit Systems, Inc. ("Defendant" or "NCS"), for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 et seq., seeking declaratory and injunctive relief, actual and punitive damages, costs and reasonable attorney's fees.[1]  Pending before the court are Defendant National Credit Systems, Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ("Defendant's Motion to Dismiss") (Docket Entry No. 14), Plaintiff's Opposed Motion to Voluntarily Dismiss Complaint with Prejudice ("Plaintiff's Motion to Voluntarily Dismiss") (Docket Entry No. 17), and Defendant National Credit Systems, Inc.'s Response to Plaintiff's Opposed Motion to Voluntarily Dismiss Complaint with

---

[1]Complaint, Docket Entry No. 1, pp. 4-6 ¶¶ 18-34.  Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

1

Prejudice and Request for Attorney's Fees ("Defendant's Response in Opposition and Request for Attorney's Fees") (Docket Entry No. 19). For the reasons stated below, Plaintiff's Motion to Voluntarily Dismiss will be granted in part and denied part, Defendant's Motion to Dismiss will be denied as moot, and Defendant's Request for Attorney's Fees will be denied.

## I. Background

Hussein initiated this action on December 23, 2022, by filing a Complaint in which he alleged that he is a consumer over the age of 18 who resides in Houston, Texas, and NCS is a third-party debt collector whose principal place of business is located in Atlanta, Georgia.[2] Hussein alleged that NCS sent him an email that included the following notification:

> YOU HAVE THE RIGHT TO MAKE WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE [OF] EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST.[3]

Hussein alleged that NCS' notification violated the FDCPA, 15 U.S.C. §§ 1692e and 1692f, and the TDCA, Tex. Fin. Code § 392.304, by deceptively misrepresenting his rights to orally and unconditionally demand that NCS not call him.[4]

---

[2] Id. at 2 ¶¶ 4-5.

[3] Id. at 3 ¶ 13.

[4] Id. at 4-6 ¶¶ 18-34.

Hussein alleged that

> [as] a result, [he] became frustrated, confused, and stressed believing that he may not be able to stop Defendant from harassing him with contacts by simply saying such over the phone, believing he had a right to do such. Faced with feeling that he was being taken advantage of by a debt collector, Plaintiff became very upset.[5]

Hussein alleged that he

> has suffered concrete harm as a result of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection communications, increased blood pressure, and violations of his state and federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct.[6]

On February 24, 2023, NCS filed Defendant National Credit Systems, Inc.'s Original Answer ("Defendant's Answer") (Docket Entry No. 9) stating, inter alia, that "Defendant does not contest subject matter jurisdiction . . . other than to contest standing and deny any FDCPA violation occurred,"[7] and that "Defendant may file a motion to dismiss for lack of jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6) respectively."[8]

On May 12, 2023, NCS filed Defendant's Motion to Dismiss asserting that

---

[5] Id. at 3 ¶ 14.

[6] Id. at 3-4 ¶ 17.

[7] Defendant's Answer, Docket Entry No. 9, p. 1 ¶ 2.

[8] Id. at 5.

Plaintiff's claims should be dismissed because he does not have standing, and he has failed to allege a claim upon which relief can be granted. Plaintiff has no injury in fact because he could not have been misled by the Notification NCS sent him. Plaintiff failed to include the entire Notification in his Complaint and omitted the statement above the Notification, "**Disclosure for Massachusetts consumers**." As it clearly indicated it was only for Massachusetts consumers, and Plaintiff neither is, nor was, a Massachusetts consumer, he could not have been misled and suffered any concrete injury for standing. He also does not plead facts showing how the Notification plausibly mislead him or caused any alleged injuries. Moreover, Plaintiff claims that he was frustrated, confused, and stressed due to his fear that <u>if</u> he told NCS not to call him, then NCS <u>might</u> call him. This risk of future harm is not sufficient for Article III standing and is too attenuated to be "fairly traceable" to any wrongful conduct by NCS. Last, as the Notification pertained only to Massachusetts consumers and was required by Massachusetts state law, it was not an incorrect statement of the law or Plaintiff's rights under the law, especially since it clearly did not pertain to him. Thus, he has failed to state a claim upon which relief can be granted.[9]

## II. <u>Plaintiff's Motion to Voluntarily Dismiss</u>

On June 5, 2023, Hussein filed Plaintiff's Motion to Voluntarily Dismiss, stating in pertinent part that

> [a]fter reviewing Defendant's Motion to Dismiss for Failure to State a Claim and for Lack of Standing and the case generally, Plaintiff no longer wishes to litigate this matter and has instructed the undersigned counsel to seek dismissal with prejudice, both sides to bear its own fees and costs.[10]

Hussein argues that "[b]ecause the instant motion seeks a dismissal of Plaintiff's Complaint <u>with</u> prejudice, with each party bearing

---

[9]Defendant's Motion to Dismiss, Docket Entry No. 14, p. 7.

[10]Plaintiff's Motion to Voluntarily Dismiss, Docket Entry No. 17, p. 1 ¶ 4.

4

its costs and attorney's fees, Defendant will suffer no legal prejudice as a result of Plaintiff dismissing his case."[11]

NCS responded that "it is not [its] intention to waste judicial resources by failing to agree to a plaintiff's request to voluntarily dismiss an action with prejudice."[12] NCS stated that its

> refusal to agree to Plaintiffs' request to dismiss this case with prejudice and NCS's request for attorneys' fees is a product of [] Sulaiman Law's standard practice of requiring "ransom settlements" to dismiss cases filed without merit and/or continued in bad faith such as this case. . . Certain firms will dismiss cases when it is shown the claims lack merit. Others do not. That is the situation presented here. If the defendant refuses to pay the "ransom," it is Sulaiman Law and Nathan C. Volheim's <u>modus operandi</u> to force the defendant to spend additional attorney's fees and litigation costs in hopes of extracting a cost of defense or nuisance settlement which the undersigned describes as a "settlement ranso[m.]"  Only when Plaintiff is left with no choice but to suffer a damaging opinion on a dispositive motion, will Sulaiman Law then request dismissal as occurred in this case.[13]

Citing <u>Schwarz v. Folloder</u>, 767 F.2d 125 (5th Cir. 1985), Hussein

> concedes that, as a result of his seeking dismissal with prejudice, Defendant may be entitled to its reasonable <u>costs</u> as the prevailing party in this litigation under Fed. R. Civ. P. 54. . .[14]

---

[11]<u>Id.</u> at 2 ¶ 6.

[12]Defendant's Response in Opposition and Request for Attorney's Fees, Docket Entry No. 19, p. 1.

[13]<u>Id.</u> at 2.

[14]Plaintiff's Reply in Support of Plaintiff's Motion to Dismiss His Complaint with Prejudice ("Plaintiff's Reply"), Docket Entry No. 20, p. 3.

5

In Schwarz, the Fifth Circuit said that "a dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits." Id. at 130. Observing that "Rule 54(d) directs that 'costs shall be allowed as of course to the prevailing party unless the court otherwise directs,'" the Fifth Circuit also stated that "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant . . . is clearly the prevailing party and should ordinarily be entitled to costs." Id.

Federal Rule of Civil Procedure 54(d)(1) states, in relevant part, that unless otherwise provided, "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Supreme Court has observed that use of "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." Marx v. General Revenue Corp., 133 S. Ct. 1166, 1172 (2013). Nevertheless, Rule 54(d)(1) "creates 'a strong presumption' in favor of awarding costs to a prevailing party, and 'a district court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so."'" United States ex rel. Long v. GSDMIdea City, L.L.C., 807 F.3d 125, 128 (5th Cir. 2015) (quoting Manderson v. Chet Morrison Contractors, Inc., 666 F.3d 373, 384 (5th Cir. 2012) (quoting Schwarz, 767 F.2d at 131)).

6

Because NCS does not opposed Hussein's request for voluntary dismissal with prejudice, Hussein's motion to dismiss with prejudice will be granted. Because Hussein concedes that granting his motion to dismiss with prejudice will make NCS the prevailing party entitled to costs under Rule 54(d)(1), costs will be awarded to NCS. See Long, 807 F.3d at 128 (citing Schwarz, 767 F.2d at 130). See also Marx, 133 S. Ct. at 1171 (holding that 15 U.S.C. § 1692(a)(3) does not displace Rule 54(d), and that "a district court may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment").

### III. Defendant's Request for Attorney's Fees

Hussein's Motion to Dismiss urges the court to order the parties to bear their own attorneys' fees.[15] Asserting that Hussein's complaint was frivolous, brought in bad faith and for purposes of harassment, and lacked evidentiary support, and that Hussein's attorney's conduct was unreasonable and vexatious, NCS opposes Hussein's request that the parties bear their own attorney's fees and, instead, "requests an award of attorneys' fees pursuant to 15 U.S.C. [] § 1692k(a)(3), and 28 U.S.C. § 1927."[16]

---

[15]Plaintiff's Motion to Voluntarily Dismiss, Docket Entry No. 17, p. 1 ¶ 4.

[16]Defendant's Response in Opposition and Request for Attorneys' Fees, Docket Entry No. 19, p. 4.

**A.   Request for Attorney's Fees under the FDCPA Will Be Denied**

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Observing that "Congress 'intended the FDCPA to have a broad remedial scope,'" the Fifth Circuit has stated that "the FDCPA should 'be construed broadly and in favor of the consumer.'" Salinas v. R.A. Rogers, Inc., 952 F.3d 680, 683 (5th Cir. 2020) (quoting Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 511 (5th Cir. 2016)). The Fifth Circuit has also stated that when evaluating whether a collection letter violates the FDCPA, "a court must view the letter from the perspective of an 'unsophisticated or least sophisticated consumer.'" Id. (quoting Daugherty, 836 F.3d at 511 (internal quotation marks and citations omitted)). While courts must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors," Daugherty, 836 F. 3d at 511, courts are not to treat the unsophisticated consumer as "tied to the very last rung on the [intelligence or] sophistication ladder." Id. (quoting Taylor v. Perrin, Landry, DeLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997)).

To encourage consumers to bring suit, the FDCPA awards attorney's fees and costs to plaintiffs who bring a "successful action to enforce . . . liability." 15 U.S.C. § 1692k(a)(3). However, § 1692k(a)(3) also states that "[o]n a finding by the court that an action under this section was brought in bad faith for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "To recover attorney's fees under the FDCPA, the prevailing defendant must show affirmatively that the **plaintiff** brought the FDCPA claim in bad faith and for the purpose of harassment." Perry v. Stewart Title Co., 756 F.2d 1197, 1211 (5th Cir.) (emphasis added), modified on other grounds, 761 F.2d 237 (5th Cir. 1985) (per curiam). In Tejero v. Portfolio Recovery Associates, L.L.C., 955 F.3d 453, 462 (5th Cir. 2020), the Fifth Circuit held that "§ 1692k(a)(3) permits fee awards only against parties, not against their counsel." The Fifth Circuit explained that "[u]nlike 28 U.S.C. § 1927 or Rule 11, there is no language that specifically and explicitly permits the courts to depart from the common law and make fee awards against lawyers." Id. The court's authority to award attorney's fees under § 1692k(a)(3) is discretionary. See LSR Consulting, LLC v. Wells Fargo Bank, N.A., 835 F.3d 530, 535 & n. 12 (5th Cir. 2016) (citing Perry, 756 F.2d at 1211 ("reviewing § 1692k(a)(3) attorneys' fee determination for an abuse of discretion")).

In support of its request for attorney's fees under § 1692k(a)(3), NCS argues that

> [i]t would be inconceivable that Plaintiff, a Texas resident would believe that a disclaimer set out for Massachusetts residents could apply to him, not to mention that the disclaimer is required by Massachusetts law. . . . Plaintiff's claim is flatly frivolous and the continued prosecution of the case warrants an award of attorneys' fees to NCS pursuant to FDCPA § 1692k(a)(3) and 28 U.S.C. § 1927.[17]

Citing the collection letter at issue, Hussein replies that "the Notice of Important Rights" that he alleged violated the FDCPA is completely capitalized while the words "disclosure for Massachusetts consumers" are not capitalized. Hussein argues, therefore, that his claims are at least colorable because an unsophisticated consumer could easily have overlooked the uncapitalized text stating, "disclosure for Massachusetts residents," in favor of the capitalized text that he alleges contravenes rights provided by the FDCPA.[18] In <u>Daugherty</u> the Fifth Circuit stated that "'[w]hether a [collection] letter is confusing is a question of fact,' and a 'dismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" 836 F.3d at 512 (quoting <u>McMahon v. LVNV Funding, LLC</u>, 744 F.3d 1010, 1019-20 (7th Cir. 2014)).

---

[17]<u>Id.</u> at 7.

[18]Plaintiff's Reply, Docket Entry No. 20, pp. 6-7.

Under the FDCPA NCS bears the burden to make an affirmative showing that Hussein brought this action in bad faith for the purpose of harassment. Perry, 756 F.2d at 1211. Although there is no binding case law from the Fifth Circuit defining what constitutes bad faith and harassment for purposes of § 1692k, review of the record in this case and the authorities cited by NCS, persuades the court that NCS's request for attorney's fees under § 1692k should be denied. NCS cites two cases in which courts have awarded defendants attorney's fees under § 1692k(a)(3), but both are inapposite. NCS cites Guidry v. Clare, 442 F. Supp. 2d 282, 289 (E.D. Va. 2006), a case in which the court found that five of plaintiff's seven FDCPA claims were "meritless, indeed flatly frivolous," and awarded sanctions in the form of defendant's attorney's fees under Rule 11 and § 1692k. Guidry is inapposite because the sanctions were awarded for the actions of the plaintiff's attorneys not for the actions of the plaintiff. But since 2006 when Guidry was decided, the Fifth Circuit has held that "§ 1692k(a)(3) permits fee awards only against parties, not against their counsel." Tejero, 955 F.3d at 462.

NCS also cites Majerowitz v. Stephen Einstein & Associates, P.C., No. 12-civ-4592(ILG)(RLM), 2013 WL 4432240 (E.D.N.Y. August 15, 2013), a case in which the court granted defendant's motion for attorney's fees under § 1692k(a). The court explained that its

> [d]etermination that this action is brought in bad faith is made by a finding that this plaintiff is not "the least sophisticated consumer" who did not fully understand that the communications he received were from a debt collector and was a consumer that statute was not designed to protect.

Id. at *4. Majerowitz is inapposite because NCS fails to cite any evidence from which the court could conclude that Hussein is not unsophisticated or that he is not a consumer the FDCPA was designed to protect. Moreover, after reading the collection letter at issue, the court is not persuaded by NCS' argument that the text about which Hussein complains could not have mislead an unsophisticated consumer. Accordingly, the court concludes that Hussein's claim to have been mislead by the capitalized text in the collection letter at issue is weak but at least colorable. See Carter v. First National Collection Bureau, Inc., 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015) (recognizing that "the issue of whether an unsophisticated consumer would perceive a collection letter as deceptive or unfair is a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion," and observing that "district judges are not good proxies for the unsophisticated consumer whose interests the FDCPA protects").

Because the court has concluded that Hussein's claim to have been mislead by the capitalized text in the collection letter at issue presents at least a colorable claim, and because NCS has failed to cite any affirmative evidence of Hussein's bad faith or harassing purpose for bringing this action, the court concludes that NCS is not entitled to attorney's fees under § 1693k(a)(3).

**B.   Request for Attorney's Fees under § 1927 Will be Denied**

28 U.S.C. § 1927 states that a court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Before a court can award sanctions under § 1927, it must make detailed findings that the proceedings were both unreasonable and vexatious. F.D.I.C. v. Calhoun, 34 F.3d 1291, 1297 (5th Cir. 1994). Moreover, § 1927 allows a court to "shift fees only to counsel, not to parties." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002). Counsel may be found to have multiplied proceedings unreasonably and vexatiously if there is evidence of "bad faith, improper motive, or reckless disregard to the duty owed to the court." Id. (quoting Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998)). "[C]ourts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions." Id.

> To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless, . . . and counsel must have lacked a reason to file suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial.

Id. at 526. See Lawyers Title Insurance Corp. v. Doubletree Partners, L.P., 739 F.3d 848, 872 (5th Cir. 2014) ("Section 1927

13

sanctions should be employed only in instances evidencing a serious and standard disregard for the orderly process of justice.").

NCS argues that an award of all of its attorney's fees is appropriate under § 1927 because

> [a]ccording to Lexis Court Links statistics, Nathan C. Volheim, the prosecuting attorney in this case, files in excess of 160 statutory cases annually, and for Sulaiman Law the number would be much greater. Thus, without question, Sulaimon Law (and Volehim) knows this practice area well and would know, before filing suit and again after it obtains discovery responses from the collection agency/data furnisher such as NCS, whether the claims alleged have any merit. Here, as shown by NCS's Motion to Dismiss, this is a case that [is] remarkably devoid of any merit whatsoever. At a minimum, it should have been dismissed upon NCS's multiple requests, before expansive discovery was served, and before NCS was required to file its Motion to Dismiss.
>
> By filing a case without any basis on the merits by a Plaintiff who had not suffered any damages, seeking a "ransom settlement," and by continuing prosecution of the case seeking a settlement after requests to dismiss, Sulaiman Law filed this case in bad faith, and continued to prosecute the case in bad faith in violation of FDCPA § 1692k(a)(3) and 28 U.S.C. § 1927.[19]

NCS seeks the entire cost of its defense in this action, but has not cited clear and convincing evidence that every facet of this litigation was patently meritless. See Procter & Gamble, 280 F.3d at 526. NCS's request for attorney's fees is premised on its contention that the claims asserted in this action are frivolous because Hussein lacks Article III standing, and that Hussein's counsel failed to dismiss this action at defense counsel's request.

---

[19]Defendant's Response in Opposition and Request for Attorneys' Fees, Docket Entry No. 19, p. 4.

NCS's argues that Hussein "has no injury in fact because he could not have been mislead by the Notification NCS sent him. . . [and] he could not have . . . suffered any concrete injury."[20] But for the reasons stated in the preceding section, the court has already concluded that Hussein's claim to have been mislead by the capitalized text in the collection letter at issue is weak but at least colorable.  Moreover, Hussein asserted emotional distress damages,[21] which have been held sufficient to confer Article III standing.  See Mayfield v. LTD Financial Services, L.P., No. 4:20-cv-01966, 2021 WL 4481089, at *4 (S.D. Tex. September 30, 2021) (citing Rideau v. Keller Independent School District, 819 F.3d 155, 169 (5th Cir. 2016)("[E]motional harm satisfies the 'injury in fact' requirement for constitutional standing.").  Moreover, NCS has not cited any authority definitely holding that violation of the FDCPA is not — alone — sufficient to satisfy the injury-in-fact requirement for Article III standing in FDCPA actions.  In Mayfield the court observed that

> most courts across the country, including those in the Fifth Circuit, have found that an alleged FDCPA violation alone is sufficient to confer standing because it establishes that the consumer suffered the type of harm Congress intended to prevent — abusive debt collection practices.

Id. at *4.  See also Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (recognizing that "Congress may elevate to the status of

---

[20]Defendant's Motion to Dismiss, Docket Entry No. 14, p. 7.

[21]See Complaint, Docket Entry No. 1, pp. 3-4 ¶¶ 14-17.

legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."); <u>Busby v. Vacation Resorts International,</u> No. H-18-4570, 2019 WL 669641, at *5 (S.D. Tex. February 19, 2019) ("Most district courts in the Fifth Circuit have denied motions to dismiss based on insufficient allegations of injury in FDCPA cases . . . These cases are consistent with decisions from other circuits holding that Article III standing may be based on an alleged FDCPA violation."). Thus, the court is not persuaded that the claims asserted in this action are entirely without merit because Hussein lacks Article III standing.

Nor is the court persuaded that Hussein's counsel "unreasonably and vexatiously" multiplied the costs of this proceeding by failing to dismiss this action following defense counsel's initial requests. Despite NCS's assertions to the contrary, Hussein's counsel has moved for voluntary dismissal with prejudice early in the litigation, <u>i.e.</u> less than six months after the action was filed on December 23, 2022, and almost five months before discovery is set to close on October 27, 2023.[22] Because NCS has failed to cite any clear and convincing evidence from which the court can conclude that Hussein's counsel acted in in bad faith, there is no basis for concluding that Plaintiff's counsel unreasonably and vexatiously multiplied costs. Accordingly, NCS's request for attorney's fees under 28 U.S.C. § 1927 will be denied.

---

[22]<u>See</u> Docket Control Order, Docket Entry No. 13, p. 2.

## IV. Conclusions and Order

For the reasons stated above in § II, the court has concluded that Plaintiff's motion to voluntarily dismiss his complaint with prejudice should be granted, but that costs should be taxed against Plaintiff.  Accordingly, Plaintiff's Opposed Motion to Voluntarily Dismiss Complaint with Prejudice, Docket Entry No. 17, is **GRANTED in PART and DENIED in PART**, and Defendant National Credit Systems, Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), Docket Entry No. 14, is **DENIED as MOOT**.

For the reasons stated above in § III, the court has concluded that Defendant NCS is not entitled to attorney's fees pursuant to either 15 U.S.C. § 1692k(a)(3) or 28 U.S.C. § 1927.  Accordingly, Defendant National Credit Systems, Inc.'s Request for Attorney's Fees made in Docket Entry No. 19, is **DENIED**.

**SIGNED** at Houston, Texas, this 8th day of August, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE